# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2011

Lyle W. Cayce
Clerk

No. 10-30409
Summary Calendar

REGINALD JACKSON,

Plaintiff - Appellant

v.

VENETIAL MICHAELS, Individually and in her official capacity as Warden
of David Wade Correctional Facility; DAVID WADE CORRECTIONAL
FACILITY; LOUISIANA DEPARTMENT OF CORRECTIONS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana, Shreveport
USDC No. 5:07-CV-1420

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Reginald Jackson appeals the dismissal of his employment discrimination claims against the Louisiana Department of Corrections ("LDOC") and Venetia Michael,[1] the warden at David Wade Correctional Center ("DWCC").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although the caption identifies Michael as "Venetial Michaels," her correct name is "Venetia Michael."

No. 10-30409

In 2006, Jackson was recreational supervisor at DWCC and held the rank of corrections captain. That year, the LDOC authorized the warden to restructure the security division at DWCC. In the restructuring, thirty-three[2] positions in the security division at DWCC were reallocated[3] to higher ranks. Eight of those positions were held by black officers and twenty-two by white officers. Four officer positions within the security division, including Jackson's position, were not reallocated. Two of those positions were held by white officers and two, including Jackson's position, were held by black officers. Jackson claimed that the decision not to reallocate his position from captain to major was, in effect, a decision not to promote him, and that the decision was based on his race.

In its memorandum ruling on the defendants' motions to dismiss, the district court held that Jackson's claims against the defendants under the Equal Protection Clause and 42 U.S.C. Sections 1983, 1985, and 1986 and 1985 were barred by the statute of limitations. It held further that Jackson's claims under Sections 1981, 1983, 1985, and 1986 against the LDOC and against Michael, in her official capacity, were barred by the Eleventh Amendment. It dismissed Jackson's state law claim for failure to state a claim upon which relief could be granted. Finally, it dismissed Jackson's Title VII claim against Michael, holding that she is not liable as an individual under Title VII.

The district court granted summary judgment for the defendants on the remaining claims—Jackson's section 1981 claim against Michael and his Title

---

[2] The parties disagree on the number of positions involved in the reallocation. Jackson argues that thirty-three positions were reallocated, while the defendants argue that only thirty positions were reallocated. This discrepancy is immaterial, so we have used the number relied on by Jackson.

[3] According to the affidavit of Warden Michael, "[r]e-allocation is a procedure by which a higher rank is assigned to a position, and the incumbent of the position at that time automatically attains the higher rank, but there is no change in the responsibility and job duties or authority of the incumbent."

No. 10-30409

VII claim against the LDOC. The court held that Jackson had not established a *prima facie* case of discrimination because he did not produce any evidence that comparable positions held by employees who possessed comparable qualifications and who are not members of Jackson's protected class were reallocated, reclassified, or upgraded. Instead, the defendants presented evidence demonstrating that each of the employees who are not members of Jackson's protected class and whose positions were reallocated in 2006 had official job duties which included the supervision of other security personnel. The job description for Jackson's position did not include any duty to supervise other security personnel.

The district court further held that, even assuming that Jackson had presented evidence sufficient to establish a *prima facie* case of discrimination, summary judgment would still be appropriate because (1) the defendants produced a legitimate, non-discriminatory reason for the reallocation— to secure an increase in pay for security personnel whose job duties included responsibility for supervising other security personnel; and (2) Jackson did not produce evidence sufficient to create a fact issue as to whether the defendants' stated reason for the reallocation decisions was false, or a reasonable inference that Jackson's race was a determinative factor in the defendants' decision-making process.

Based on our consideration of the briefs and our *de novo* review of the record, we conclude that the district court did not commit any reversible error. Accordingly, we affirm, essentially for the reasons stated by the district court in its thorough, well-reasoned opinions. *Jackson v. David Wade Correctional Center*, No. 07-1420 (W.D. La. Oct. 6, 2008 & Mar. 31, 2010).

AFFIRMED.

3